## PICKENS v. HAYDEN and MERIAM.

In assumpsit, a judgment by default for costs only, and no damages, is erroneous.

THIS was an action of assumpsit determined in Monroe Circuit Court. It was brought by the appellees against the appellant, on a note of hand. At October term, 1822, the following entry was made: "Judgment by default; whereupon it is considered by the Court that the plaintiffs do recover of the defendant the sum of $—— damages, and costs of suit, &c."

It was among other things assigned for error, that no damages being recovered, the judgment for costs alone was erroneous.

PARSONS and COOPER, for the plaintiff in error.

ELLIS, for the defendants.

By JUDGE COLLIER. In this case there was a judgment by default for costs of suit only. At common law, there were no costs; if the plaintiff was unsuccessful, he was amerced; if he prevailed, the defendant was in mercy. Neither party was burthened with the *expensa litis.*[a] The decision of this question depends upon the construction of our statute giving costs *eo nomine*, which is in these words —"That in all other cases in civil actions, the party in whose favor judgment shall be given, or in case of non suit, dismission or discontinuance, the defendant, shall be entitled to full costs, except when it is or may be otherwise directed by law."[b] Costs are the consequence of a judgment, and do not constitute a judgment in themselves. The right of the successful party to costs does not depend on the rendition of a judgment for them, but is given by statute. Therefore if they are omitted, the judgment is not defective, nor the successful party deprived of them; he has only to adopt another remedy for their recovery. Hence, as costs are not a primary or essential constituent of a judgment, but merely a consequence of it, therefore a judgment, unless it be by confession, as it effects no other purpose than merely to authorize a collection of costs by execution, is erroneous. The practice of executing writs of inquiry on judgments by default where the amount is unascertained, if there were a doubt, might be considered as an evidence that this is a correct exposition of the statute.

Judgment reversed.

The CHIEF JUSTICE not sitting.